No. 36,033

In the Matter of the Appeal in the J. J. Grueter Estate from the Order of the State Commission of Revenue and Taxation (JULIA FREUND, JOHN A. SUELLENTROP, HENRY J. PELTZER and EMMET A. BLAES, Executors of the Last Will and Testament of J. J. Grueter, Deceased, *Appellants*, v. THE STATE COMMISSION OF REVENUE AND TAXATION, *Appellee*).

(145 P. 2d 152)

Opinion filed January 22, 1944.

*Emmet A. Blaes,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent* and *Roetzel Jochems,* all of Wichita, were on the briefs for the appellants.

*Louis E. Clevenger,* of Salina, argued the cause, and *James D. Dye,* of Ottawa, and *Clayton D. Christey,* of Caldwell, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: The appeal here is from a judgment of the district court of Shawnee county, third division, which upheld and sustained an order of the state commission of revenue and taxation which con-

firmed an assessment of inheritance taxes made by the director of revenue. The hearing in the trial court was upon a written stipulation of agreed facts. The legal question involved is whether the gifts to certain beneficiaries in a will constituted vested estates in remainder as defined by our statute (G. S. 1935, 79-1504), or estates in expectancy which are contingent under G. S. 1935, 79-1505.

J. J. Grueter was a Catholic priest residing in Sedgwick county at the time of his death, March 27, 1940. He was an American citizen of German descent. He left a will, which was duly probated May 28, 1940, in which four persons were named as executors, and the same persons as trustees, of a trust created by the will. After making a few specific bequests the testator gave all the rest and residue of his property to his trustees for purposes mentioned. The trustees were directed to sell all of the personal property, other than money, which should come into their hands, and the will provides:

"With reference to the real estate that shall come into the hands of the said trustees, my present house-keeper, Julia Freund, shall have the possession thereof during her lifetime and shall be entitled to all the rents and profits thereof during her lifetime, except with reference to . . ." (some provisions not here important.)

"After the death of the said Julia Freund, in the event Eva M. Freund, sister of the said Julia Freund, shall have predeceased her, the said trustees shall take possession of all the said real estate . . . shall then proceed to liquidate this trust at the earliest convenient time. . . . shall sell all said real estate, . . .

"If the said Eva M. Freund survives the said Julia Freund, the said trust shall be continued, and the said Eva M. Freund shall become, and shall be during the rest of her lifetime the beneficiary of the said trust and shall be entitled to the possession, rents, and profits of said real estate in the same manner and to the same extent as was the said Julia Freund during her lifetime with the same rights, privileges, duties and obligations. Then after the death of the said Eva M. Freund, in the event this paragraph become operative, the said trustees shall liquidate this trust in the same manner as above set forth.

"The funds coming into the said trust estate shall be paid out by the said trustees to the following beneficiaries and in the following order, . . ." (naming nine beneficiaries, with the remainder, if any, to be divided equally among two brothers and a sister of the testator, all of whom reside in Germany.)

Of the nine specific bequests the beneficiaries of six of them were exempt from inheritance tax by applicable provisions of our statute (G. S. 1935, 79-1501). Three of the gifts were not so exempt. They were:

". . . five hundred dollars to the corporation or association owning and operating St. Vincent's Hospital in Cologne Nippes, Germany, for the use and benefit of the said hospital; one thousand dollars to my cousin, Aloysius Koenen, of Cologne, Germany; five hundred dollars to my cousin, Herman Bolder, of Cologne, Germany."

In the course of the administration of the estate the probate court made a report to the director of revenue which included an inventory of the estate and a certified copy of the will. The value of the net estate was $14,321.31, which constituted the tax base for inheritance-tax purposes. Considering this report the director of revenue determined that the taxable portion of the estate passing to the persons liable for taxes, and the amount of their tax assessed to each of them, were as follows: To Julia Freund, value of estate $5,382.99, tax $269.15; to Eva M. Freund, value of estate $1,705.65, tax $85.28; to St. Vincent's Hospital, value of estate $500, tax $25; to Aloysius Koenen, value of estate $1,000, tax $50; to Herman Bolder, value of estate $500, tax $25. No complaint is made of the amount of inheritance tax assessed to Julia Freund. Eva M. Freund declined to pay the tax upon request to do so, and the St. Vincent's Hospital, Aloysius Koenen and Herman Bolder could not be contacted because of war activities. In due time the executors filed with the director of revenue a petition for the abatement of the tax of Eva M. Freund in the amount of $85.28, St. Vincent's Hospital, $25; Aloysius Koenen, $50, and Herman Bolder, $25. After a hearing the director of revenue denied the petition. Whereupon the executors appealed to the commission of revenue and taxation, which, after a hearing, sustained the order of the director of revenue denying the petition. Whereupon the executors appealed to the district court. After reciting the above matters more in detail than here given the stipulation filed in district court proceeds:

"XIII

"That the questions involved in this proceeding are as follows:

"1. Whether the bequest to Eva M. Freund made in the Last Will and Testament of J. J. Greuter, deceased, constitutes a 'vested estate in remainder' as those words are used in G. S. 1935, 79-1504, or whether such bequest constitutes an estate in expectancy which is contingent in accordance with the provisions of G. S. 1935, 79-1505.

"2. Whether the bequests to St. Vincent's Hospital, Aloysius Koenen and Herman Bolder under the Last Will and Testament of J. J. Greuter, deceased, constitutes a 'vested estate in remainder' as those words are used in G. S. 1935, 79-1504, or whether they are mere interests in expectancy which are contingent in accordance with the provisions of G. S. 1935, 79-1505.

"XIV

"That if it be determined that the said·bequests to Eva M. Freund, St. Vincent's Hospital, Aloysius Koenen and Herman Bolder, or any of them, constitute 'vested estates in remainder' within the meaning of G. S. 1935, 79-1504, then with respect to those bequests which are determined to constitute vested estates in remainder, the relief prayed by the appellants should be denied and the assessment of the Commission with respect to such bequests should be found to be correct both as a matter of mathematics and as a matter of law but if it be determined that said bequests,·or any of them, create interests in expectancy which are contingent under the provisions of G. S. 1935, 79-1505, then with respect to such bequests as are determined to create interests in expectancy which are contingent, the court should be ordered to abate the tax assessed against the interests, or so many of them as are found to be interests in expectancy which are contingent and with respect to such interests, the commission should be ordered to proceed in accordance with G. S. 1935, 79-1505."

The appeal came on for hearing in the district court on March 16, 1943. No further evidence was introduced by either party. Briefs were thereafter submitted and the executors made an application for the determination of an additional question of law, namely, whether the tax was properly computed. On June 28, 1943, the court rendered its decision, holding:

" . . . that by applying the legislative definition in section 79-1504, G. S. Kansas 1935, to the Last Will and Testament of J. J. Grueter, deceased, Eva Freund's interest in said estate is vested for the purpose of taxation . . ."

And also holding:

" . . . that by applying the legislative definition in Section 79-1504, G. S. Kansas 1935, to the Last Will and Testament of J. J. Grueter, deceased, the three special bequests made to St. Vincent's Hospital, Aloysius Koenen and Herman Boulder are vested interests . . ."

and as to all of the bequests here involved finding that the order of the state commission of revenue and taxation confirming the assessment of the tax by the director of revenue was properly made.

"The court further finds that subsequent to the time of trial in this case, the appellants filed an application for determination of an additional question as to the correctness of the mathematical calculation and computation of the tax assessed. The court finds that the question presented by this motion was not raised and presented either to the director of revenue or to the commission of revenue and taxation; that it is contrary and inconsistent with the agreed stipulation of facts and should, therefore, be denied."

Judgment was rendered in harmony with these findings.

The pertinent portions of our statutes (G. S. 1935) to be considered read:

"The tax upon the several shares of an estate, as herein provided, shall be determined on the actual value of the property at the time of the death of the decedent; and when any property or interest therein, or income therefrom, shall pass or be limited for the life of another, . . . the value of the said life estate, . . . shall be fixed according to the 'American experience tables' at five percent compound interest; and the value of the remainder in said property so limited shall be ascertained by deducting the value of the life estate, . . . from the actual value of the property as found at the time of the death of the decedent. The tax on the several shares of the estate, including shares of which vested estates in remainder may be a part or all, shall be due and payable to the treasurer of the proper county, . . . *Provided,* That the person . . . beneficially interested in the estates in remainder charged with the said tax may elect not to pay the same until the right to come into actual possession or enjoyment of such estates accrues, and in such cases said person . . . shall give bond to the state of Kansas . . . conditioned for the payment of said tax and interest thereon at the rate of four percent per annum until such time or period as they or their representatives come into actual possession or enjoyment of such estates; . . . Vested estate in remainder, as used herein, shall include all estates where the remainderman, being alive would take at once if the life tenant were to die. (79-1504.)

"Upon estates or interests in expectancy which are contingent, the rates of tax imposed by this act shall be determined upon the value of such estates or interests at the time when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, . . . *Provided,* That in case it is desired to pay the tax upon such future estates or interests immediately, . . . " (a procedure is outlined.) (79-1505.)

With respect to the estate in the real property given Eva M. Freund by the will appellants contend it is a contingent estate and that the tax thereon should be computed under section 79-1505 of the tax act rather than under section 79-1504. We think the point is not well taken and that the gift in question comes within the definition of a "vested estate in remainder" contained in the last sentence of section 79-1504. Appellants argue that this definition is in derogation of the common law, citing the specially concurring opinion of Mr. Justice Allen in *Buxton v. Noble,* 146 Kan. 671, 677, 83 P. 2d 43. Even if this contention is correct, which we do not decide, it is immaterial. The legislature was stating a formula for the computation of inheritance taxes. In doing so it was not required to use the common law definition of a vested remainder, or, indeed, to use any other definition of that term. Definitions found in cases where the property rights of litigants are being determined under many varieties of facts sometimes appear to be in conflict with respect to whether a vested estate or a contingent

estate was created. The legislature prudently avoided those distinctions by stating a definition of a vested estate in remainder for the purpose, and for the sole purpose, of having a rule for the computation of inheritance taxes. Appellants further contend the statutory definition of a vested estate in remainder, as used in the statute, should be applied only in cases in which the remainder estate is a fee title. We think this point is not well taken. The statute (79-1504) reads: "  . . .  and when any property or interest therein, or income therefrom, shall . . . be limited for the life of another . . ." So, the legislature here was not dealing altogether with remainders in fee. This is further made clear by the definition, which reads:

"Vested estate in remainder, as used herein, shall include *all estates* where the remainderman, being alive, would take at once if the life tenant were to die."

Clearly it is not limited to estates in fee. Appellants argue Eva M. Freund may die before she receives any of the benefits of the estate. Of course that may happen to anyone who receives possession or enjoyment of an estate only after the life of another. But that is not the test of a contingent estate; certainly not the test provided by our inheritance tax law. We take note of the fact that she is not absolutely required to pay the tax at this time, but may give a bond conditioned to pay the tax, with interest, at such a time as she may come into the actual possession or enjoyment of the estate. The statute provides a definite method of computing the value of the estate, not only of Eva M. Freund, but of her sister Julia, namely, "according to the 'American experience tables' at five percent compound interest." This again is an arbitrary rule and a part of the formula for computing inheritance taxes. No contention is made that the tax in question was not computed in harmony with the statute.

With respect to the bequests to St. Vincent's Hospital, Aloysius Koenen and Herman Bolder, appellants argue that they are contingent and that the tax thereon should be computed under 79-1505 for the reason that the time of the liquidation of the estate is uncertain, hence the amount that may be realized from the sale of the real property is uncertain, and since the nine specific bequests made shall be paid in the order named there may be no funds with which to pay these last three specific bequests. We think this contention quite untenable. There appears to be in the estate enough personal

property to pay the first two of the six bequests payable in order before the three here in question are to be paid. There is no reason appearing from the record why those two cannot be paid promptly, for the will requires the trustees to pay them as funds are available. This leaves but $1,500 of the specific bequests, which apparently will have to be paid out of proceeds of the sale of the real property. We do not regard that fact as making these bequests contingent. Appellants state they found no authorities to support their view, and we have found none.

Lastly, it is contended the trial court erred in not permitting appellants to submit to the court an additional question of law, namely, whether the amount of the tax was computed properly. We think there was no error in this respect. If the point were to be raised at all it should have been presented to the director of revenue and to the commission of revenue and taxation. More than that, we can see some reason in the law why the amount of assessment was correctly computed, but we have no occasion here to go into that matter.

We find no error in the record. The judgment of the court below is affirmed.